# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBORA A. DAVIS,
      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
      Agency.

DOCKET NUMBER
AT-844E-21-0191-I-1

DATE: July 7, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debora A. Davis</u>, Archer, Florida, pro se.

<u>Jo Bell</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The agency has filed a petition for review of the initial decision, which reversed the agency's reconsideration decision finding that the appellant was not entitled to disability retirement benefits under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    An appellant bears the burden of proving her entitlement to retirement benefits by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(ii). To be eligible for disability retirement benefits under FERS, an applicant must show the following: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a); *see Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007).

¶3    Here, the agency challenges the administrative judge's conclusion that the appellant satisfied the second criterion. Petition for Review (PFR) File, Tab 1

at 6-7. To this end, the agency seemingly contends that the administrative judge erred in finding that the appellant had a disabling medical condition that was incompatible with either useful and efficient service or retention in her position because she failed to show that her pain levels could not be controlled. *Id.* Specifically, the agency asserts that one of the appellant's physicians "testified that there are options available to the appellant that ha[ve] not been utilized," to include botox injections for her migraines and "other procedures that are available to the appellant if her pain and discomfort" continue. *Id.* at 7. We find these contentions unavailing.

¶4    An applicant for disability retirement benefits must establish the extent to which her disability can or cannot be controlled. *Smedley v. Office of Personnel Management*, 108 M.S.P.R. 31, ¶ 23 (2008). The Board has repeatedly held that the voluntary refusal to accept facially reasonable treatment, standing alone, will bar entitlement to disability retirement benefits. *Id.*; *see Shanoff v. Office of Personnel Management*, 103 M.S.P.R. 549, ¶ 9 (2006) (explaining that, when an employee is unable to render useful and efficient service because the employee fails or refuses to follow or accept normal treatment, the employee's disability flows not from the disease or injury itself but from the refusal to take the available corrective or ameliorative action).

¶5    Here, although one of the appellant's treating physicians testified generally as to botox "potentially" being a treatment option down the line for the appellant's migraines, he never indicated that he had recommended that she undergo such injections. Initial Appeal File (IAF), Tab 26, Hearing Recording, part 2 (testimony of the appellant's physician). In fact, he explained that he did not know whether they would be an effective method of treating her migraines. *Id.* Moreover, he explained that botox injections would not address the appellant's neck and back pain. *Id.* Similarly, although the physician testified as to the possibility of the appellant undergoing other procedures down the line, to include additional surgical joint fusion(s), he did not indicate that he had of yet

recommended such procedures; indeed, he acknowledged that such procedures may or may not be an effective means of reducing her pain levels. *Id.* In short, the record was devoid of any indication that the appellant had refused any recommended medical treatment. To the contrary, as set forth in the initial decision, the record showed that she "sought reasonable treatment," but, despite her efforts, her conditions progressed to a point that treatment became ineffective in relieving the pain that she experiences as a result of performing her job duties. IAF, Tab 27, Initial Decision (ID) at 9. Indeed, the administrative judge found that the medical evidence in the record supported the appellant's testimony that she has undergone "various treatments over the years to address her conditions, including surgeries, traction, [transcutaneous electrical nerve stimulation], and multiple accommodations and medications"; nonetheless, her pain has persisted and is exacerbated by her job functions. ID at 8-9 & n.3; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (holding that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). Thus, the agency's contention does not provide a basis to disturb the administrative judge's conclusion that the appellant satisfied the second criterion. ID at 9.

¶6        The agency also challenges the administrative judge's conclusion that the appellant satisfied the third criterion, i.e., that her disabling medical condition is expected to continue for at least 1 year from the date on which she filed her application for disability retirement. PFR File, Tab 1 at 6-7. The agency, however, does not provide any specific argument in this regard. Here, the administrative judge found credible the testifying physician, a pain management specialist, who explained that "there was no current cure for the appellant's conditions," which are ongoing and progressively worsening. ID at 9; *see Haebe*, 288 F.3d at 1301. We discern no basis to disturb this finding; indeed, medical documentation in the record substantiated the physician's testimony. *E.g.*, IAF,

Tab 14 at 41-44.  Thus, we agree with the administrative judge's conclusion that the appellant satisfied the third criterion.

¶7        Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____/s/ for_____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.